UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80055-CIV-COHN/SELTZER

MAYOR'S JEWELERS, INC.,

            Plaintiff,

vs.

BARRY N. MEYROWITZ and
MEYROWITZ, INC.,

            Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Amended

Complaint [DE 31] ("Motion"). The Court has considered the Motion, Plaintiff's

Response [DE 36] ("Response"), Defendants' Reply [DE 40] ("Reply"), and is otherwise

fully advised in the premises.

## I. BACKGROUND

Plaintiff Mayor's Jeweler's, Inc. ("Plaintiff") commenced this action against

Defendants Barry N. Meyrowitz and Meyrowitz, Inc. (collectively "Defendants") on

January 20, 2012.  See Complaint [DE 1-2].  Plaintiff subsequently filed an Amended

Complaint [DE 15] on February 22, 2012.  The Amended Complaint alleges that Plaintiff

contacted Defendants regarding gemstones that a customer[1] was seeking.  Am. Compl.

¶ 11.  Plaintiff advised Defendants that the gemstones had to be natural, i.e. not heat-

_____

[1]        Although unnamed in the Amended Complaint, this customer is identified
through the Motion, Response and Reply as Neils Peter Christensen ("Christensen or
the Customer").  See e.g., Response at 2.

treated, and requested gem lab reports authenticating the gemstones.  Id.  Defendants

supplied the gemstones to Plaintiff on consignment.  Id. ¶ 12.  Plaintiff contends that

Defendants represented that both gemstones were natural and not heat treated, and

provided Plaintiff with lab reports which stated the same.  Id. ¶¶ 13-16.  In May 2009,

Plaintiff's Customer brought suit against Plaintiff alleging that Plaintiff represented that

one of the gemstones was a ruby when it was actually a sapphire.  Id. ¶ 19.  Plaintiff

alleges that Defendants became aware of the lawsuit in or around July 2010.  Id.  In or

around May 2011, the Customer alleged for the first time that the gemstones were heat

treated.  Id. ¶ 20.  Plaintiff states that it provided written notice to Defendants of this

claim and made a demand for indemnification in August 2011.  Id. ¶ 21.  In September

2011, the Plaintiff and Customer reached a confidential settlement.  Id. ¶ 22.  Plaintiff

then made a demand to Defendants for the money it was required to pay to the

Customer as part of the settlement.  Id. ¶ 23.  Plaintiff brings claims against Defendants

for breach of express warranty (Count I), breach of implied warranty of fitness for a

particular purpose (Count II)[2], indemnification (Count III), negligent misrepresentation

(Count IV), constructive fraud (Count V), and contribution (Count VI).  Defendants have

now moved to dismiss.

II. DISCUSSION

**A. Legal Standard.**

Under Federal Rule of Civil  Procedure 12(b)(6), a court shall grant a

motion to dismiss where, based upon a dispositive issue of law, the factual allegations

_____

[2]        Count I and II are brought against Defendant Meyrowitz, Inc. only.

2

of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp.,
Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be
enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly,
550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged
therein as true and drawing all reasonable inferences from those facts in the plaintiff's
favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because
the court is doubtful that the plaintiff will be able to prove all of the necessary factual
allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss
"'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

### B. The Court Will Not Rely on Documents Outside the Pleadings.

Throughout their Motion, Defendants refer to pleadings filed in Plaintiff's state
court litigation with its Customer ("state court documents").  Defendants contend that it is
proper for the Court to rely on these state court documents without converting the
Motion into a motion for summary judgment because "the Lawsuit is mentioned and
central to Mayor's Complaint and the documents' authenticity cannot reasonably be
disputed."  Motion at 3 n.1.  Plaintiff disputes that it would be proper for the Court to rely
on these state court documents because they "are outside the four-corners and not
central to the Amended Complaint."  Response at 1.  Additionally, Plaintiff contends that
"the veracity of the allegations in the Christensen Lawsuit and other factual matters in
the Motion Attachments are in dispute."  Id. at 10-11.

3

Generally, when ruling upon a motion to dismiss, a district court may consider an extrinsic document if it is (1) central to the plaintiff's claim; and (2) its authenticity is not challenged.  SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010).  But, a court should not take judicial notice of the accuracy of factual allegations in the documents of other courts.  Fireman v. Travelers Cas. & Sur. Co. of Am., No. 10-81564-CIV, 2011 WL 4527405, at *4 (S.D. Fla. Sept. 21, 2011) (citing United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) and Thompson v. Fla. Bar, 526 F. Supp. 2d 1265, 1274 n.11 (S.D. Fla. 2007)).  A court may only take judicial notice of state court allegations to establish that the allegations were made.  Id.  (finding that while the fact that plaintiffs made certain allegations in another action may be evidence that the allegations were made, they did not establish the issues dispositively for the purposes of a motion to dismiss).  Here, Plaintiff disputes both that the state court documents are central to its claims and the veracity of the state court documents. Thus, the Court agrees that it would be improper to consider these state court documents at the motion to dismiss stage.  Accordingly, the Court will disregard references to the state court documents in the Motion.

### C. Statute of Limitations.

Defendants first argue that the statute of limitations bars Plaintiff's claims for breach of express warranty (Count I), breach of implied warranty of fitness for a particular purpose (Count II), and negligent misrepresentation (Count IV).  Motion at 7-10.  Generally, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss.  Cabral v. City of Miami Beach, 76 So. 3d 324, 326 (Fla. Dist. Ct. App. 2011).  However, if facts on the

4

face of the pleadings show that the statute of limitations bars the action, the defense can be raised by motion to dismiss.  Id.; see also Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (noting that the granting of a motion to dismiss on statute of limitations grounds is appropriate if it is apparent from the face of the complaint that the claim is time-barred).  Thus, the Court will address Defendants' statute of limitations arguments for each claim to determine whether dismissal is appropriate based on the face of the Amended Complaint.

## 1. Breach of Express Warranty (Count I) & Breach of Implied Warranty of Fitness for a Particular Purpose (Count II).

Defendants argue that Plaintiff's claims for breach of express warranty and implied warranty of fitness accrued in or before May and June 2005.  Motion at 8. Defendants argue that the five year statute of limitations for these claims expired well before Plaintiff filed suit in December 2011.  Id.  Defendants also argue that the doctrine of delayed discovery is inapplicable in this case.  Id. at 9.  Plaintiff disputes that the statute limitations has expired on Counts I and II because these claims "accrued in 2009 (at the earliest), when Christenson brought the Christenson Lawsuit against Mayors." Response at 6.  Plaintiff argues that because it did not suffer any damages until its Customer filed a lawsuit against it, May 2009 is the earliest that its breach of warranty claims accrued.  Id. at 7.

Florida law[3] provides a five year statute of limitations for breach of express

_____

[3]     Defendants do not dispute that Florida law applies to this case.  Motion at 7.

5

warranty claims.  Fla. Stat. § 95.11(2)(b).[4]  In Florida, a cause of action accrues "when the last element constituting the cause of action occurs."  Fla. Stat. § 95.031(1).  Plaintiff contends that the last element constituting the causes of action occurred when its Customer filed suit in or around May 2009, i.e. when Plaintiff suffered damages.  Response at 7.  Defendants, however, contend that Plaintiff is improperly relying on the delayed discovery doctrine and that  "the claims accrued when Meyrowitz delivered the Gemstones to Mayor's."  Reply at 5.

First, the Court finds that the delayed discovery doctrine is inapplicable to these causes of action.  The "'delayed discovery' doctrine generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action."  Patten v. Winderman, 965 So. 2d 1222, 1224 (Fla. Dist. Ct. App. 2007).  However, the Florida Supreme Court has held that the delayed discovery doctrine applies only to cases involving fraud, products liability, professional malpractice, medical malpractice, or intentional torts based on abuse.  Davis v. Monahan, 832 So. 2d 708, 709 -10 (Fla. 2002) (refusing to extend doctrine of delayed discovery to claims for breach of fiduciary duty, conversion, civil conspiracy, and unjust enrichment); see Fla. Stat. §§ 95.031; 95.11.  Thus, it would be improper, as a matter of Florida law, to apply the delayed discovery doctrine to Plaintiff's claims for breach of express warranty and implied warranty of fitness.

Even without applying the doctrine of delayed discovery, the Court declines to find that the statute of limitations has expired on Plaintiff's breach of warranty claims.

---

[4]     Defendants assume that the five year statute of limitation applies.  Motion at 8.

Recently, in <u>American Optical Corp. v. Spiewak</u>, 73 So. 3d 120, 126 (Fla. 2011), the

Florida Supreme Court quoted from a United States District Court for the Southern

District of Florida case which stated that:

> It is axiomatic that a cause of action for negligence, or products liability, or breach
> of warranty does not accrue until the complaining party sustains some type of
> damage.  A cause of action sounding in tort arises in the jurisdiction where the
> last act necessary to establish liability occurred. <u>Colhoun v. Greyhound Lines,
> Inc.</u>, 265 So. 2d 18 (Fla.1972).  In Florida, the "last act" is discovery of the
> damage.

<u>Id.</u> at 126 (quoting <u>Wildenberg v. Eagle–Picher Indus.</u>, 645 F. Supp. 29, 30 (S.D. Fla.

1986)).  Other cases have similarly held that breach of warrant claims do not accrue until

the plaintiff suffers damages.  <u>See</u> <u>Carnival Corp. v. Rolls-Royce PLC</u>, No. 08-23315-

CIV, 2009 WL 3861450, at *5 (S.D. Fla. Nov. 17, 2009) (plaintiff's warranty claims did

not accrue until the plaintiff suffered damages); <u>First Fed. Sav. & Loan Ass'n v. Dade

Fed. Sav. & Loan Ass'n</u>, 403 So. 2d 1097, 1101 (Fla. Dist. Ct. App. 1981) ("The statute

of limitations for causes of action based on breach of an express warranty begins to run

when plaintiff discovers or should have discovered, the breach of the express

warranty.").

Defendants rely upon <u>Potiker v. Gasiunasen Gallery</u>, No. 09-82356-CIV, 2010 WL

2949943, at *2 (S.D. Fla. July 26, 2010), for the proposition that Plaintiff's breach of

warranty claims accrued when Defendants sold it the gemstones.  <u>See</u> Motion at 8.  In

<u>Potiker</u>, the plaintiff purchased a sculpture from the defendant art gallery based on the

gallery's representation that the sculpture was authentic.  2010 WL 2949943, at *1.

Fifteen years later, when the plaintiff attempted to sell the sculpture, she discovered that

it was counterfeit.  <u>Id.</u>  When the gallery refused to refund her money, the plaintiff filed

suit alleging breach of contract, breach of express warranty, breach of the covenant of good faith and fair dealing, and unjust enrichment.  Id.  The court held that the plaintiff's claim for breach of express warranty was time barred because the cause of action accrued when the plaintiff purchased the alleged counterfeit sculpture in April 1993.  Id. at 2.  In Potiker, however, the plaintiff purchased and kept the sculpture in her possession for over 15 years.  In the instant case, Plaintiff received the gemstones on consignment from Defendants and paid Defendants for the gemstones only after its Customer had purchased the gemstones from Plaintiff.  Am. Compl. ¶ 18.  Plaintiff alleges that it did not sustain damages until it was sued by its Customer and entered into a settlement with the customer to resolve this litigation.  Id. ¶¶ 23, 32, 38.  Thus, unlike in Potiker where the Plaintiff sustained damage as soon as the transaction closed, the Plaintiff alleges that it did not suffer any damages until after it was sued by the customer.  Construing the allegations of the Amended Complaint in the light most favorable to Plaintiff, as the Court must, the Court is unprepared to find that the statute of limitations has expired on Plaintiff's claims for breach of warranty.[5]

---

[5]     In their Reply, Defendants rely on the Florida Supreme Court's decision in Federal Insurance Co. v. Southwest Florida Retirement Center, Inc., 707 So. 2d 1119 (Fla. 1998), for the proposition that Florida rejects Plaintiff's "accrual at being sued" theory.  Reply at 5-6.  In Federal Insurance Co., however, the Florida Supreme Court held only that "section 95.11(2)(b), Florida Statutes (1981), as it applies to an action on a performance bond, accrues on the date of acceptance of the project as having been completed according to terms and conditions set out in the construction contract."  707 So. 2d at 1121.  Thus it is not readily apparent that this decision applies to the instant breach of warranty claims.  Accordingly, the Court declines to find that the statute of limitation has expired on these claims at this stage of the proceedings.

<u>2.  Negligent Misrepresentation (Count IV).</u>

Defendants also contend that Plaintiff's claim for negligent misrepresentation is time barred because this claim accrued when "Meyrowitz provided the Gemstones to Mayor's with the Lab Reports in or before May and June 2005."  Motion at 8.  Plaintiff argues that the delayed discovery rule applies to its claim for negligent misrepresentation because negligent misrepresentation is a form of fraud.  Response at 9.  The Court agrees with Plaintiff that, under Florida law, an action for negligent misrepresentation sounds in fraud rather than negligence.  <u>Souran v. Travelers Ins. Co.</u>, 982 F.2d 1497, 1511 (11th Cir. 1993) ("Historically, in Florida an action for negligent misrepresentation sounds in fraud rather than negligence."); <u>Arnold v. McFall</u>, – F. Supp. 2d. –, No. 11–80396–CIV, 2011 WL 6980847, at *6 (S.D. Fla. Dec. 14, 2011). Accordingly, the statute of limitations for a negligent misrepresentation claim is four years.  Fla. Stat. § 95.11(3)(j).[6]  Florida statute recognizes the delayed discovery doctrine for actions "founded upon fraud":

> [a]n action founded upon fraud under s. 95.11(3), including constructive fraud, must be begun within the period prescribed in this chapter, with the period running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence, instead of running from any date prescribed elsewhere in s. 95.11(3), but in any event an action for fraud under s. 95.11(3) must be begun within 12 years after the date of the commission of the alleged fraud, regardless of the date the fraud was or should have been discovered.

Fla. Stat. § 95.031(2)(a).  Accordingly, because negligent misrepresentation claims are sounded in fraud, Plaintiff's negligent misrepresentation claim would not accrue until

---

[6]      Defendants agree that the statute of limitations is four years, but base this on Fla. Stat. § 95.11(3)(a).  Motion at 8.

"the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence."  Fla. Stat. § 95.031(2)(a). Here, whether Plaintiff could have discovered the heat treatment issue is a factual issue. Thus, the Court declines to find that the statute of limitations has expired at this time.[7]

### D. Plaintiff States a Claim for Indemnification (Count IV).

Defendants move to dismiss Plaintiff's claim for indemnification (Count IV). Motion at 10-13.   Defendants first contend that the indemnification fails on the merits because they "had insufficient notice and no opportunity to appear and defend the heat-treatment claims."  Id. at 10.  Next, Defendants argue that the indemnification claim fails because (1) Plaintiff "is not totally 'without fault'" and (2) Defendants cannot be held liable alone on the heat treatment issue.  Id. at 12.   In opposition, Plaintiff contends that it has plead that it was actually liable to its Customer and that Defendants' attacks on the merits of its indemnification claim are improper.  Response at 13-15.

Defendants first assert that Plaintiff's indemnity claim fails because Florida law requires that an indemnitor is only bound by a settlement agreement when (1) the indemnitor has notice and (2) an opportunity to appear and defend the claim.  Motion at 10 (citing Bagley v. W. Cas. & Sur. Co., 505 So. 2d 678 (Fla. Dist. Ct. App. 1987)). Defendants also argue that "[a]t a minimum, this insufficient notice means that Mayor's must prove that it was 'actually liable' to Christensen in order to be indemnified." Motion at 10 (citing GAB Bus. Servs., Inc. v. Syndicate 627, 809 F.2d 755, 760 (11th

---

[7]        The Court also notes that Defendants did not address whether the negligent misrepresentation claim sounds in fraud in either their Motion or their Reply. Thus, Defendants did not make any specific argument as to why the delayed discovery doctrine would not apply to Plaintiff's negligent misrepresentation claim.

Cir. 1987).  Both arguments fail.  The Amended Complaint alleges that Defendants

were notified about the Customer's lawsuit.  Am. Compl. ¶ 21.  Thus, whether

Defendants had actual notice of the litigation and an opportunity to participate in the

settlement discussions is a factual issue which may not be resolved on a motion to

dismiss.  Furthermore, as discussed in Section B, supra, Defendants' reliance on the

state court documents for the proposition that Plaintiff's settlement agreement with its

Customer contradicts that it was actually liable to Customer is improper at this stage of

the proceedings.  Additionally, because the Amended Complaint alleges that "Plaintiff

was potentially and/or actually liable to the Customer," the Court declines to grant the

motion to dismiss on this grounds.  See Am. Compl. ¶ 40.[8]

Finally, Defendants argue that the indemnification claim fails to state a claim.

Motion at 11-13.  To state a claim for indemnification under Florida law, the plaintiff

must allege sufficient facts to establish that "(1) the party seeking indemnity (the

indemnitee) must be without fault and its liability must be solely vicarious for the

wrongdoing of another, and (2) the party against whom indemnity is sought (the

indemnitor) must be wholly at fault."  Osorio v. State Farm Bank, F.S.B., – F. Supp. 2d

–, No. 11–61880–CIV, 2012 WL 1506000, at *2 (S.D. Fla. Apr. 11, 2012) (citing Heapy

Eng'g, LLP v. Pure Lodging, Ltd., 849 So. 2d 424, 424 (Fla. Dist. Ct. App. 2003)).  For a

right to indemnity to exist, Florida law also requires that the parties have a special

relationship.  Arnold M. Ganz Residual Trust v. Growthink Sec. Inc., No. 09-80058-CIV,

---

[8]       The Court notes that a plaintiff is entitled to plead inconsistent or alternate
theories of relief.  See Manicini Enters., Inc. v. Am. Express Co., 236 F.R.D. 695, 698-
99 (S.D. Fla. 2006) (a plaintiff may plead inconsistent or alternative theories of relief).

2010 WL 146847, at *2 (S.D. Fla. Jan. 11, 2010).  A special relationship is "one that makes the defendant vicariously liable for the acts of the party against whom indemnification is sought." Id. (citing Houdaille Indus., Inc. v. Edwards, 374 So. 2d 490, 493 (Fla.1979)). To determine whether a special relationship exists, courts look to "whether the party against whom indemnification is sought has breached a duty implied by the parties' conduct."  Id.

The Court finds that Plaintiff has met this standard.  The Amended Complaint alleges that (1) Plaintiff and Defendants share a special relationship; (2) Plaintiff's liability to its customer was vicarious; and (3) Defendants are entirely at fault.  Am. Compl. ¶¶ 39-40.  Defendants' arguments in favor of dismissal are premised entirely on the state court documents.  Reply at 4.  Because consideration of these documents is impermissible for the purposes of this Motion, the Court declines to grant the Motion.

### E. Plaintiff States a Claim for Negligent Misrepresentation (Count IV).

Defendants also move to dismiss Plaintiff's claim for negligent misrepresentation (Count IV) on the grounds that this claim fails to state a claim and is barred by the economic loss rule.  Motion at 13-16.  Plaintiff states that it has stated a claim for negligent misrepresentation and that the economic loss rule does not apply to this case because Defendants' representations that the gemstones were heat-treated related to a term of the bargain.  Response at 15-17.

To state a claim for negligent misrepresentation, "a plaintiff must show: (1) the defendant made a misrepresentation of material fact that he believed to be true but which was in fact false; (2) the defendant was negligent in making the statement because he should have known the representation was false; (3) the defendant

intended to induce the plaintiff to rely and [sic] on the misrepresentation; and (4) injury resulted to the plaintiff acting in justifiable reliance upon the misrepresentation." Specialty Marine & Indus. Supplies, Inc. v. Venus, 66 So. 3d 306, 309 (Fla. Dist. Ct. App. 2011) (quoting Simon v. Celebration Co., 883 So. 2d 826, 832 (Fla. Dist. Ct. App. 2004).  Defendants first argue that this claim fails under Iqbal because Plaintiff "offers no facts suggesting that Meyrowitz was negligent in allegedly 'expressly represent[ing]' that the Gemstones were not heat-treated when he provided the Lab Reports."  Motion at 13.  The Court disagrees.  The Amended Complaint alleges that Defendants knew what type of gemstones Plaintiff's Customer requested and that the gemstones could not be heat-treated.  Am. Compl. ¶ 42.  The Amended Complaint further alleges that Defendants "expressly represented" to Plaintiff's special orders supervisor that the gemstones were not heat-treated "without knowledge as to the truth of falsity" of these representations.  Id. ¶¶ 43-44.  Construing the Amended Complaint in the light most favorable to the Plaintiff, the Court finds that Plaintiff has stated a claim for negligent misrepresentation.

Defendants also seek to dismiss Plaintiff's negligent misrepresentation claim on the grounds that it is barred by the economic loss rule because this claim "simply re-states [Plaintiff's] breach of warranty claims in tort instead of contract."  Motion at 14. Plaintiff contends that the economic loss rule does not apply to a "negligent misrepresentation claim where the misrepresentation relates to a term of the bargain rather than performance of the contract."  Response at 16.  Essentially, Plaintiff argues that but for Defendants' misrepresentation that the gemstones were not heat-treated, Plaintiff would not have entered the consignment contract.  See id. at 16-17.

13

"The economic loss rule is a judicially created doctrine that sets forth the circumstances under which a tort action is prohibited if the only damages suffered are economic losses." Indem. Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 n.1 (Fla. 2004). Florida courts have applied the economic loss rule "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." Id. at 536.[9] This rule was developed "to prevent parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic loss in tort." Id. "Underlying this rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process." Id. The Florida Supreme Court has elaborated that:

> A party to a contract who attempts to circumvent the contractual agreement by making a claim for economic loss in tort is, in effect, seeking to obtain a better bargain than originally made. Thus, when the parties are in privity, contract principles are generally more appropriate for determining remedies for consequential damages that the parties have, or could have, addressed through their contractual agreement. Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.

Id. at 536-37.

Nonetheless, the economic loss rule "does not bar tort actions based on fraudulent inducement and negligent misrepresentation." D & M Jupiter, Inc. v. Friedopfer, 853 So. 2d 485, 487 (Fla. Dist. Ct. App. 2003). If the fraud or negligent misrepresentation "relates to the performance of the contract the economic loss

---

[9]     The economic loss rule also applies where the defendant is a manufacturer or distributor of a defective product which damages itself but does not cause personal injury or damage to any other property. Am. Aviation, Inc., 891 So. 2d 536.

14

doctrine will limit the parties to their contractual remedies." Id. (internal citations and quotation marks omitted).  However, "[w]here . . . the representation is simply made and relied upon in inducing the completion of the transaction, then clearly it is a term of the bargain."  Allen v. Stephan Co., 784 So. 2d 456, 458 (Fla. Dist. Ct. App. 2000).  In Allen v. Stephan Co., the Florida District Court of Appeals held that a claim for fraudulent inducement was not barred by the economic loss rule.  See id.  In that case, prior to entering a contract to sell a company, the sellers represented that they had paid their taxes and filed all necessary tax returns.  Id. at 457.  In actuality, the company owed nearly $100,000 in taxes to the Florida Department of Revenue.  Id.  The Court held that the buyer's claim for fraudulent inducement was not barred by the economic loss rule because "[n]othing further was required of the [Sellers] Allens in connection with this contract term after they made the representation that all SRP's taxes had been paid."  Id. at 458.  Similarly here, Defendants' representation that the gemstones were not heat-treated was a misrepresentation which induced Plaintiff to enter the consignment agreement.  As in Allen, nothing further was required of Defendants after they represented that the gemstones were not heat-treated.  Thus, because this misrepresentation related to a term of the agreement rather than its performance, the economic loss rule does not bar this claim.[10]

---

[10]     Defendants rely on Premix-Marbletite Manufacturing Co. v. SKW Chemicals, Inc., 145 F. Supp. 2d 1348, 1358 (S.D. Fla. 2001), to support their argument that Plaintiff's misrepresentation claim is barred by the economic loss rule. As Plaintiff points out in its Response, there is no indication from the facts of that case that the plaintiff was induced to enter the agreement based on the representation that the chemical would not discolor the pool.  See Response at 16.  Thus, the Court believes that the District Court of Appeals decision in Allen is more analogous to the facts of this case.

**F. Plaintiff States a Claim for Constructive Fraud (Count V).**

Defendants seek to dismiss Plaintiff's constructive fraud claim because Plaintiff "cannot unilaterally impose a fiduciary relationship on" Defendants.  Motion at 16. Additionally, Defendants contend that this claim should be dismissed because "Mayor's forfeited any remedy it could hope to secure by allowing Christenson to keep the Gemstones."  Id. at 18.  Plaintiff argues that it has stated a claim for constructive fraud because it has sufficiently alleged that it enjoyed a confidential and fiduciary relationship with the Defendants.  Response at 17.  Additionally, Plaintiff disputes that rescission is the only remedy for a constructive fraud claim.  Id. at 18.

"[C]onstructive fraud occurs when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken." Leedom Mgmt. Grp., Inc. v. Perlmutter, No. 8:11-cv-2108-T-33TBM, 2012 WL 503904, at *6 (M.D. Fla. Feb. 15, 2012) (internal quotation marks and citations omitted). To state a claim for breach of a fiduciary or confidential relationship:

> "a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party."  Constructive fraud will not lie where the parties are dealing at arms length because there is no duty imposed on either party to protect or benefit the other. The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance or undertaking of the duties of a fiduciary on the part of the other party.

2021 N. Le Mans, LLC v. Fifth Third Bank, No. 8:10-cv-655-T-23TGW, 2010 WL 1837726, at *3 (M.D. Fla. May 3, 2010) (quoting Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005)).  The Court disagrees that the Amended Complaint fails to "allege facts demonstrating

16

Meyrowitz's acceptance of Mayor's trust."  See Motion at 17. The Amended Complaint alleges that over the course of "many years," Defendants had obtained gemstones for Plaintiff on consignment.  Am. Compl. ¶ 49.  On multiple occasions, Plaintiff informed Defendants that it required gemstones that were not heat-treated and gem lab reports which authenticated the gemstones.  Id.  On this particular occasion, Plaintiff advised Defendants of its Customer's specific request for non heat-treated stones.  Id. ¶ 50. Construing these facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that it placed "confidence and trust" in Defendants and that Defendants "accepted the trust and confidence" when it supplied the gemstones. Id. ¶ 51.  Accordingly, the Court declines to dismiss the constructive fraud claim for failure to state a claim.[11]

The Court also declines to dismiss the constructive fraud claim on the basis that Plaintiff has "forfeited any remedy it could hope to secure by allowing Christensen to keep the gemstones."  See Motion at 18.  As Plaintiff points out in its Response, the main case that Defendants rely upon for this proposition, Robson Link & Co. v. Leedy Wheeler & Co., 18 So. 2d 523, 614-17 (Fla. 1944), was decided before the merger of courts of equity and law.  Response at 18.  More recent case law does not support Defendants' argument that rescission is the sole remedy for constructive fraud.  In Rogers v. Mitzi, for example, the Fifth Circuit Court of Appeals affirmed the trial court's

_____

[11]      Defendants cite Silver v. Countywide Home Loans, Inc., 760 F. Supp. 2d 1330, 1338-39 (S.D. Fla. 2011), for the proposition that "absent some conscious acceptance of such duties, no fiduciary relationship is created."  760 F. Supp. 2d at 1339.  This decision is inapposite, however, because (1) it was a summary judgment opinion based on whether the plaintiff has established proof of a fiduciary relationship and (2) involved a lender-borrower relationship.  See Response at 18 n.12.

finding that there was competent evidence of constructive fraud.  584 So. 2d 1092,

1094 (Fla. Dist. Ct. App. 1991).  The court reversed the damages finding, however,

because '[t]he trial court awarded damages based essentially upon the theory of

rescission, yet there is no showing that monetary damages would not have sufficed and

no party asked for rescission." Id.  Thus, monetary damages would also be an

appropriate remedy for Plaintiff's constructive fraud claim.

### G. Plaintiff Fails to State a Claim for Contribution (Count VI).

Finally, Defendants contend that Plaintiff's claim for contribution fails because (1)

Plaintiff did not extinguish all of Defendants' liability in its settlement agreement with the

Customer, as required by Fla. Stat. § 768.31(2)(d) and (2) Defendants are not jointly

and severally liable for the injuries alleged in the Customer's lawsuit.  Motion at 19.

Plaintiff contends that it is improper for Defendants to rely upon a settlement agreement

which is outside the Amended Complaint and that whether the settlement agreement

extinguishes Defendants' liability is an issue of fact that may not be decided on a

motion to dismiss.  Response at 19.  Plaintiff also states that it has plead that there was

common liability between Plaintiff and Defendants and that whether such liability

existed is an issue of fact which the Court may not decide on a motion to dismiss.  Id. at

19-20.

Fla. Stat. § 768.31(2)(d) provides that "[a] tortfeasor who enters into a settlement

with a claimant is not entitled to recover contribution from another tortfeasor whose

liability for the injury or wrongful death is not extinguished by the settlement or in

respect to any amount paid in a settlement which is in excess of what was reasonable."

Fla. Stat. § 768.31(2)(d).  "To state a claim for contribution, the claimant must allege a

18

common liability to the injured party."  Horowitz v. Laske, 855 So. 2d 169, 174 (Fla. Dist. Ct. App. 2003).  Here, the Court agrees with Plaintiff that it is improper to consider the settlement agreement.  See Section B, supra.[12]  Furthermore, to the extent there is a dispute as to whether the settlement agreement releases Defendants, this is a factual issue cannot be resolved on a motion to dismiss.  See Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc., 981 So. 2d 654, 656 (Fla. Dist. Ct. App. 2008) (noting that the Florida Supreme Court has held that "whether a general printed release is effective to discharge other than specifically named tortfeasors is a question of fact") (citations and internal quotation marks omitted).

Defendants also argue that the contribution claim must be dismissed because "there is no common liability between Mayor's and Meyrowitz to Christenson."  Motion at 19.  Defendants premise this argument, in part[13] on the fact that they never made any direct representation to the Plaintiff's Customer, Christenson.  Id.  Plaintiff points out that the Amended Complaint alleges that "[a]s a result of selling the Gemstones to the Customer and representing that they were not heat-treated, there was a common liability among Plaintiff and Meyrowitz because the Gemstones were heat-treated and less valuable than what was represented."  Response at 19 (quoting Am. Compl. ¶ 58).  Plaintiff, relying upon the Restatement (Second) of Torts, also argues that regardless of

---

[12]     Even if the Court wanted to consider the settlement agreement, it cannot do so because no copy has been provided.

[13]     Defendants also argue that the Settlement Agreement Plaintiff entered with its Customers "denies any liability by Mayor's, and Mayor's therefore is estopped from now contending there was 'common' liability with Meyrowitz."  Motion at 20. However, for the reasons stated through this Order, the Court declines to consider the Settlement Agreement.

whether Defendants actually made a representation directly to the Customer, they are liable.  Id.

Common liability is defined as "the joint causing of damage or injury." Healthcare Staffing Solutions, Inc. v. Wilkinson ex rel. Wilkinson, 5 So. 3d 726, 730 (Fla. Dist. Ct. App. 2009) (quoting Home Ins. Co. v. Advance Mach. Co., 500 So. 2d 664, 669 (Fla. Dist. Ct. App. 1986)).  Here, Plaintiff has failed to allege specific facts which indicate that Defendants have a "common liability" to the Customer.  In Horowitz v. Laske, a defendant broker was sued by investors to a failed investment scheme which the investors alleged was a Ponzi scheme.  855 So. 2d at 171.  The defendant in turn filed a third party complaint against an attorney and law firm who he alleged had negligently advised him about the investment program.  Id.  The Florida Court of Appeals dismissed the broker's claim for contribution because the broker failed to allege ultimate facts which would show the attorney and law firm's common liability to the investors.  855 So. 2d at 174.  Similarly, here, Plaintiff has failed to allege facts which would establish a common liability owed by Defendants to the Customer. Accordingly, the Court will grant Defendants' Motion as to Count VI only, but permit Plaintiff to re-plead its contribution claim.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1.    Defendants' Motion to Dismiss Amended Complaint [DE 31] is **GRANTED IN PART AND DENIED IN PART** as follows:

a.    Defendants' Motion to Dismiss Amended Complaint is **GRANTED** to the

extent that Plaintiff's claim for contribution (Count VI) is **DISMISSED**

**WITHOUT PREJUDICE**;

b. Defendants' Motion to Dismiss Amended Complaint is **DENIED** in all other

respects; and

2. Plaintiff may file a Second Amended Complaint which re-pleads its contribution

claim on or before July 5, 2012.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, this 20th day of June, 2012.

_James I. Cohn_

JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.